UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BENITA GUTTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| GUIDEONE MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Benita Gutter (formerly known as B. Thassanee Gutter) files the

following Complaint against GuideOne Mutual Insurance Company ("GuideOne"

or "Defendant").

## Introduction

1.

This is an action for both interference and retaliation in violation of

Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §

2601 *et seq*.

## <u>Jurisdiction and Venue</u>

2.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the unlawful actions and practices were committed within the Northern District of Georgia.

## <u>The Parties</u>

4.

Ms. Gutter is a citizen of the United States and a resident of the State of Georgia.  Ms. Gutter subjects herself to the jurisdiction of this Court.

5.

Ms. Gutter had been employed with GuideOne for more than 12 months and worked more than 1250 hours in the 12 months preceding a serious health condition for which she took medical leave.

6.

Therefore, Ms. Gutter is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

7.

GuideOne is a corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

8.

GuideOne has had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

9.

Therefore, GuideOne is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

10.

GuideOne may be served with process through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

**<u>The Facts</u>**

11.

Ms. Gutter was employed with GuideOne as a Staff Litigation Attorney from March 2006 through her termination on July 15, 2010.

12.

Despite an excessive caseload, Ms. Gutter accomplished exceptional results for her clients.

13.

Ms. Gutter saved GuideOne substantial money by routinely settling cases for less than what GuideOne's claims handlers assessed as the value of the cases.

14.

On July 13, 2010, Ms. Gutter requested medical leave under the FMLA for her own serious health condition.

15.

Ms. Gutter told Vice President of Human Resources Cathy Murray that she needed one month of medical leave for a serious mental health condition arising out of the stress from her job and her excessive case load.

16.

On July 14, 2010, by email to Cathy Murray and Human Resources Coordinator Sara Moore, Ms. Gutter requested that GuideOne provide her with the paperwork necessary to request FMLA-covered leave.

17.

Ms. Gutter also informed Murray and Moore that she would tell her

4

supervisor, Vice President and Assistant General Counsel Sam Waters, that she was requesting medical leave for the serious health conditions she had already shared with him.

18.

On or about July 14, 2010, Ms. Gutter did tell Waters that she was requesting one month of short-term disability and FMLA-covered medical leave.

19.

On July 15, 2010, Waters called Ms. Gutter and told her that her medical leave would be granted but that she was terminated effective August 13, 2010, the date her leave expired.

20.

Waters told Ms. Gutter that she was being terminated for performance reasons.

21.

Prior to July 15, 2010, Waters had not told Ms. Gutter that her performance was an issue.

22.

In fact, in her performance review in April 2010, Waters told Ms. Gutter that they would have another meeting about her performance and the possibility of

giving her a salary increase in September 2010.

23.

Ms. Gutter's performance review in April 2010 was the last conversation she had with Waters about her performance prior to her request for FMLA leave.

## COUNT I
## Interference with FMLA Leave

24.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

25.

Ms. Gutter was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. 825.114.

26.

By terminating Ms. Gutter's employment on July 15, 2010, effective August 13, 2010, and not returning Ms. Gutter to the same or an equivalent position when she was released to return to work, GuideOne prevented Ms. Gutter from exercising the rights provided to her under the FMLA.

27.

GuideOne's actions in interfering with Ms. Gutter's rights under the FMLA

were committed with reckless disregard for her right to take up to 12 work weeks of leave for a serious health condition, her right to job restoration, and violated the FMLA, 29 U.S.C. § 2615(a)(1).

28.

The effect of GuideOne's actions has been to deprive Ms. Gutter of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her because of her right to leave under the FMLA.

29.

As a result, Ms. Gutter is entitled to both equitable and monetary relief for GuideOne's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

30.

Ms. Gutter is also entitled to liquidated damages for GuideOne's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because GuideOne's actions in failing to return her to work were willful violations of the FMLA.

**COUNT II**
**<u>Retaliation for Exercise of FMLA Rights</u>**

31.

Plaintiff incorporates by reference all of the preceding paragraphs of the

Complaint.

32.

Ms. Gutter was an eligible employee with a serious health condition as that

term is defined by the FMLA and the accompanying regulations, specifically 29

U.S.C. § 2611(11), 29 C.F.R. § 825.114.

33.

By terminating Ms. Gutter's employment, GuideOne retaliated against Ms.

Gutter for exercising her right to take medical leave for a serious health condition

as provided by the FMLA.

34.

GuideOne's actions in retaliating against Ms. Gutter for exercising her rights

under the FMLA were committed with reckless disregard for her right to be free

from discriminatory treatment for exercising her rights under the FMLA,

specifically 29 U.S.C. § 2615(a)(1)(2).

35.

The effect of GuideOne's actions has been to deprive Ms. Gutter of a job, as

8

well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her because of her exercise of her rights under the FMLA.

36.

As a result, Ms. Gutter is entitled to both equitable and monetary relief for GuideOne's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

37.

Ms. Gutter is also entitled to liquidated damages for GuideOne's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because GuideOne's actions in terminating her employment were willful violations of the FMLA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)     a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b)     an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the FMLA;

9

(c)     full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe benefits of employment, with prejudgment interest thereon;

(d)     liquidated damages pursuant to 29 U.S.C. § 2617;

(e)     reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(f)     reasonable attorneys' fees and costs; and

(g)     other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of July, 2012.

s/ Cheryl B. Legare
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiff